53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juan CENTENO-PRAVIA; Jorge Guillermo Centeno-Perez, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70750.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided April 26, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Centeno-Pravia ("Juan") and Jorge Centeno-Perez ("Jorge") petition for review of the decision of the Board of Immigration Appeals, ("BIA") affirming the ruling of the immigration judge ("IJ") that denied their applications for asylum and withholding of deportation. The BIA found that Juan's account of past persecution was incredible and that Jorge's account of actions against him did not amount to persecution. The BIA held that neither established a likelihood of persecution or a well-founded fear of persecution. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 The BIA found Juan's account of persecution incredible mainly because he was able to secure passports and exit documents from their purported persecutors (the military) and to leave Nicaragua without incident. We review the BIA's credibility determinations for substantial evidence. Aquilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir. 1990). The unobstructed manner in which Juan was able to depart from Nicaragua, despite his claim of active, contemporaneous persecution, is a reasonable indication of unbelievable testimony. Hence, we conclude that the BIA's finding that Juan did not establish a likelihood of persecution or a well-founded fear of persecution is supported by substantial evidence. See Saballo-Cortez v. INS, 761 F.2d 1259, 1263, 1267 (9th Cir. 1985) (upholding IJ finding that petitioner was incredible partly because the government gave him his passport and exit visa, with full knowledge of his intention to leave).
 
 
 4
 The BIA found that the evidence presented by Jorge did not amount to persecution. Jorge cited one incident in which the Sandinista Youth surrounded his church, ostensibly to intimidate him into joining the army. However, no one was harmed in any way in this incident, and Jorge later admitted that the Sandinista Youth merely might have been interested in inducing him to partake in their celebration of the anniversary of the Sandinista Revolution. Therefore, the BIA did not abuse its discretion in finding that Jorge failed to demonstrate clear probability of persecution or a well-founded fear of persecution required for withholding of deportation or asylum.
 
 
 5
 Because the BIA's finding that Juan and Jorge failed to establish past persecution is supported by substantial evidence, the petitioners' contention that their past persecution alone qualifies them for asylum must fail.
 
 
 6
 The petitioners request that the voluntary departure granted them by the IJ be reinstated. Such "reinstatement" is unnecessary because we have held that the voluntary departure period does not expire until we have issued our mandate regarding the petitioners' appeal. See Contreras-Aragon v. INS, 852 F.2d 1088, 1092, 1097 (9th Cir. 1988).
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3